

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 2989 | DATE | January 30, 2004 |
| CASE TITLE | Andrew Clemons v. Ferolito, Vultaggio & Sons and Hornell Brewing Co. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion for remand [3-1] is granted. Defendant's pending motion to dismiss [4-1] is moot.

The Clerk of the Court is directed to remand this case to the Circuit Court of Cook County and to mail a certified copy of the remand order forthwith. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | FEB 2 - 2004 date docketed | 9 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office (Reserved for use by the Court) | KAM mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
FEB 2 - 2004

ANDREW CLEMONS, )
)
    Plaintiff, )
)
v. ) No. 03 C 2989
)
FEROLITO, VULTAGGIO & SONS and )
HORNELL BREWING CO., INC., )
)
    Defendants. )

## MEMORANDUM OPINION

Plaintiff's motion for remand is before the court. For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff Andrew Clemons, an Illinois citizen, brought this putative class action in the Circuit Court of Cook County against defendant Hornell Brewing Company, Inc. ("Hornell"), a New York corporation with its principal place of business in New York, and Ferolito, Vultaggio & Sons, which does not appear to be a separate entity but rather a name under which Hornell does business.

Plaintiff alleges that Hornell produces and sells five bottled beverages--"Arizona RX" brand iced teas and fruit punch--that falsely claim to offer certain health benefits. The complaint contains claims of false advertising, statutory and common-law fraud, negligent misrepresentation, and unfair competition.

9

Plaintiff seeks, <u>inter alia</u>, damages, restitution, disgorgement of profits, and an injunction "prohibiting Defendants from claiming in labeling, advertisement or any other form that the five Arizona RX beverages, respectively, improve memory, reduce stress, bolster health or immune systems, boost power, increase energy, or affect consumers' health in any other way." (Complaint at 25.)[1]

The following facts are not in dispute. Plaintiff filed the action in the Circuit Court of Cook County on January 15, 2003, but did not serve defendant with the complaint until February 13, 2003. On March 13, 2003, defendant served plaintiff with a request to admit certain facts, one fact being that "the cost of the injunctive relief sought in Plaintiff's Complaint will in no event exceed $75,000.00 exclusive of interest and costs." (Notice of Removal, Ex. B, Request to Admit Facts, ¶ 9.) Plaintiff responded on April 10 as follows: "This request is admitted as to Plaintiff Andrew Clemons individually. The costs of the injunctive relief sought in Plaintiff's complaint as to all plaintiff class members may, in the aggregate, exceed $75,000." (Notice of Removal, Ex. C, Plaintiff's Response to Request to Admit Facts, ¶ 9.) Thereafter, on April 23, 2003, plaintiff moved to preliminarily enjoin Hornell "from selling its RX beverages as currently labeled." (Notice of

---

[1] There is no express <u>ad damnum</u> clause in the complaint. The last item in the list of remedies sought states "in excess of $30,000." (Complaint at 26.)

Removal, Ex. D, Plaintiff's Motion for a Preliminary Injunction, at 16.)

Defendant removed the case to this court on May 5, 2003, based on diversity jurisdiction. Plaintiff now moves to remand, arguing first that the notice of removal was untimely and second that defendant has not established that the amount in controversy exceeds $75,000.

## DISCUSSION

Jurisdiction based on diversity exists if the amount in controversy exceeds $75,000 and the suit is between citizens of different states. See 28 U.S.C. § 1332(a)(1). There is no dispute here that the parties are of diverse citizenship, but the timeliness of removal and the amount in controversy are at issue.

Removal is governed by 28 U.S.C. § 1446(b), which permits a defendant to remove a case from state to federal court in two situations. The first situation, as outlined in the first paragraph of 28 U.S.C. § 1446(b), requires the defendant to file a notice of removal in the federal district court within thirty days of being served with the complaint. The second situation is covered by the second paragraph of § 1446(b):

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the

basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

In this court, removal is also governed by Local General Rule 81.2, which provides the procedure for filing a notice of removal where the complaint does not contain an express *ad damnum* that exceeds the jurisdictional amount in controversy. Local Rule 81.2 requires a defendant to include in its notice of removal: (1) a statement of its good-faith belief that the amount in controversy exceeds the jurisdictional amount; and (2) with respect to at least one plaintiff, either a response to an interrogatory or an admission by plaintiff that acknowledges or declines to agree that the damages sought exceed the jurisdictional amount. The local rule must be read in conjunction with § 1446(b) and cannot conflict with or override the statute. See *Weigand v. Paul Revere Life Ins. Co.*, No. 97 C 8880, 1998 WL 142365, at *3 (N.D. Ill. Mar. 19, 1998) (considering local rule as formerly designated, Rule 3).

It is undisputed that Hornell did not file its notice of removal within thirty days of being served with the complaint. Instead, Hornell avails itself of the second paragraph of § 1446(b) and contends that it filed its notice of removal within thirty days of first ascertaining that the case was removable, in accordance with that provision. Because Hornell is the party seeking to preserve removal, it bears the burden of establishing, by a preponderance of the evidence, that it complied with the requirements of the removal statute. See *International Ins. Co. v.*

Saco Defense Inc., No. 98 C 3628, 1998 WL 939680, at *1 (N.D. Ill. Jan. 8, 1998).

The parties' briefs focus on the value of the injunctive relief sought by plaintiff. "In a suit for injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation.' And, at least in this circuit, the object may be valued from either perspective--what the plaintiff stands to gain, or what it would cost the defendant to meet the plaintiff's demand." Macken v. Jensen, 333 F.3d 797, 799 (7th Cir. 2003) (citation omitted).

Hornell asserts that the prayer for relief in plaintiff's complaint is "devoid of any facts or information upon which Hornell could have ascertained what costs would be associated with complying with such an injunction without Hornell resorting to pure conjecture or speculation" and "devoid of any indication of the means or method of enjoining Hornell from making the alleged health claims." (Response at 3, 4.) Hornell never clearly states in its brief when it was first able to ascertain that the case was removable. It seems to argue that it was not able to do so based solely on plaintiff's response to the request to admit facts, but only after receiving the motion for a preliminary injunction.²

---

² Hornell argues that "it was necessary for Hornell to seek responses to its Requests to Admit and further clarification in Plaintiff's Motion for A Preliminary Injunction in order to ascertain the means and manner by which Plaintiff would seek injunctive relief and, thereby, determine the cost of compliance with such an injunction." (Response at 5.) Part of this argument does not make sense because Hornell did not "seek" the motion for a preliminary

According to Hornell, the motion was its first notice that plaintiff was seeking to enjoin the sale of the Arizona RX drinks, and the cost of complying with such an injunction would be more than $75,000.

The critical issue here is whether Hornell could have ascertained that the case was removable based on the complaint alone. The complaint seeks an injunction prohibiting Hornell "from claiming in labeling, advertisement or any other form" that the drinks offer the claimed health benefits. Therefore, Hornell's assertion that it could not ascertain the costs of complying with such an injunction is without merit; it could easily envision that it would at least be required to re-label its drinks if the requested relief were to be granted. It was not necessary for the complaint to include any other "facts" regarding this request; the information that Hornell could use to determine the costs of complying with an injunction to re-label its drinks was solely within Hornell's possession.

Hornell submits the affidavit of John Balboni, its President and Chief Business Development Officer, who estimates that the cost of design changes to the labels alone would be $100,000. (This figure is in addition to the $450,000 estimated cost of recalling,

---

injunction; it simply was filed by plaintiff.
  In any event, defendant's Notice of Removal was filed within thirty days of its receipt of both the Response to the Request to Admit Facts and the Motion for a Preliminary Injunction.

re-labeling, and redistributing drinks already delivered and re-labeling drinks that were labeled but not delivered.) (Response, Ex. A, Affidavit of John Balboni, ¶ 3.) This amount, of course, exceeds $75,000, and Hornell wholly fails to explain why it could not have ascertained these costs within thirty days of being served with the complaint.

In short, Hornell acknowledges that the costs of being required to re-label its Arizona RX products would be in excess of $75,000. Because re-labeling clearly was the relief sought in the complaint, Hornell could have ascertained the removability of the case based solely on the complaint. Hornell did not remove the case within thirty days of receiving the complaint and thus failed to comply with 28 U.S.C. § 1446(b). Accordingly, plaintiff's motion to remand must be granted.[3]

## CONCLUSION

Plaintiff's motion for remand is granted. Therefore, defendant's pending motion to dismiss is moot.

The Clerk of the Court is directed to remand this case to the Circuit Court of Cook County and to mail a certified copy of the remand order forthwith.

---

[3] In view of our ruling, it is unnecessary to reach plaintiff's argument that even if removal was timely, the amount in controversy requirement is not met.

DATE: January 29, 2004

ENTER: _____
John F. Grady, United States District Judge